STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

November 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MELISSA M. SMITH,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1257**  (BOR Appeal No. 2048536)
(Claim No. 2011021139)

**SPROUSE BUILDING PRODUCTS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Melissa M. Smith, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Sprouse Building Products, Inc., by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2013, in which the Board affirmed a June 13, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 12, 2012, decision granting Ms. Smith a 5% permanent partial disability award, and granted her a 10% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Smith injured her lower back on December 16, 2010, while assembling windows and the claim was subsequently held compensable. Ms. Smith has undergone three independent medical evaluations to determine the amount of whole person impairment arising from her compensable injuries. On June 15, 2012, Sushil Sethi, M.D., evaluated Ms. Smith. He placed Ms. Smith in lumbar category II of West Virginia Code of State Rules § 85-20-Table C (2006) and opined that she sustained 5% whole person impairment as a result of range of motion

1

abnormalities in the lumbar spine. On July 12, 2012, the claims administrator granted Ms. Smith a 5% permanent partial disability award based on Dr. Sethi's evaluation.

Bruce Guberman, M.D., performed an independent medical evaluation on November 15, 2012. He opined that Ms. Smith sustained 7% whole person impairment as a result of a disc protrusion at L5-S1, 4% whole person impairment as a result of range of motion abnormalities in the lumbar spine, and 1% whole person impairment as a result of sensory loss in the right lower extremity. After placing Ms. Smith in lumbar category III of West Virginia Code of State Rules § 85-20-Table C, he opined that she sustained 12% whole person impairment as a result of the compensable injury. Finally, Victoria Langa, M.D., performed an independent medical evaluation on May 22, 2013. After noting that the L5-S1 disc protrusion is not a compensable component of the claim, Dr. Langa determined that an impairment rating for that condition should not be provided. She then opined that Ms. Smith sustained 4% whole person impairment as a result of range of motion abnormalities in the lumbar spine and 1% whole person impairment as a result of mild S1 radiculopathy. She also placed Ms. Smith in lumbar category III of West Virginia Code of State Rules § 85-20-Table C and opined that Ms. Smith sustained 10% whole person impairment as a result of the compensable injury.

In its Order reversing the July 12, 2012, claims administrator's decision, the Office of Judges held that the preponderance of the evidence demonstrates that Ms. Smith sustained 10% whole person impairment as a result of her compensable injury. Ms. Smith asserts, per the opinion of Dr. Guberman, that she sustained 12% whole person impairment as a result of her compensable injury and is therefore entitled to an additional 2% permanent partial disability award.

The Office of Judges found that Dr. Sethi's finding of 5% whole person impairment is entitled to less evidentiary weight because he did not note the presence of radiculopathy and therefore placed Ms. Smith in lumbar category II of West Virginia Code of State Rules § 85-20-Table C, resulting in a finding of decreased whole person impairment. The Office of Judges then found that Dr. Guberman's findings do not accurately represent the amount of Ms. Smith's whole person impairment because he improperly considered the non-compensable L5-S1 disc protrusion when calculating the amount of Ms. Smith's permanent impairment. The Office of Judges therefore determined that Ms. Smith sustained 10% whole person impairment as a result of her compensable injury based on the report of Dr. Langa. The Board of Review reached the same reasoned conclusions in its decision of November 22, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II